IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEPHEN A. GRIFFIN                                              APPELLANT

      v.              Civil No. 06-2014

RICHARD COX, TRUSTEE                                             APPELLEE

### O R D E R

Now on this 10th day of February, 2006, comes on to be considered appellant's **Motion to Extend Time for Appellant's Brief (Doc. 4)** and **Emergency Motion for Application of Stay (Doc. 5)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.   This case is before the Court on appeal from the United States Bankruptcy Court for the Western District of Arkansas.

    2.   Pro se appellant Stephen Griffin, the debtor in the bankruptcy proceedings, appeals an order entered by the Bankruptcy Court on November 22, 2005, denying his pro se "Emergency Motion to Compel Mediation and Stay Proceedings or in the Alternative, for an Order to Distribute Assets and Close Case."  (Doc. 1 Attach. 6.)  In this motion, appellant sought an order from the Bankruptcy Court requiring appellant's counsel to mediate disputes that had arisen between appellant and his counsel regarding counsel's strategy in the bankruptcy proceedings.  Appellant alternatively sought an order from the Bankruptcy Court distributing assets and closing the case.

3. The Bankruptcy Court denied appellant's motion, finding that it had no jurisdiction to order mediation of "a difference of opinion as to strategy between a client and the lawyer" and that it could not order the bankruptcy trustee to close the case because there were matters pending. (Tr. at pg. 12, 42.) The Bankruptcy Court allowed appellant's counsel to withdraw and continued a hearing on certain motions filed by the trustee (a motion to turn over property and an objection to appellant's claimed exemptions) to allow appellant to retain new counsel. The hearings on these motions are scheduled for **Monday, February 13, 2006.**

4. Although neither party has raised the issue, the Court is obligated as a threshold matter to determine whether it has jurisdiction over this appeal. See In re Gaines, 932 F.2d 729, 731 (8th Cir. 1991).

5. A litigant has a right to appeal **final** bankruptcy court judgments, orders, or decrees. See 28 U.S.C. § 158(a)(1). The order at issue here clearly was not a final order, as the Bankruptcy proceedings are ongoing.

6. A litigant may seek leave of court to appeal a non-final, interlocutory order of the bankruptcy court. See 28 U.S.C. § 158(a)(3). "It is a stringent standard the movant for an interlocutory appeal must meet, as '[i]n order for a[] ... court to permit an interlocutory appeal, the movant must demonstrate

that exceptional circumstances exist." <u>Mitchell v. Smith</u>, 2004 WL 1326477, *4 (S.D. Iowa 2004) (quoting <u>In re Nat'l Metalcraft Corp.</u>, 211 B.R. 905, 906 (B.A.P. 8th Cir. 1997). A litigant must show all of the following exceptional circumstances exist:

* refusal would result in wasted litigation and expense;
* the appeal involves a controlling question of law as to which there is a substantial basis for difference of opinion; and
* an immediate appeal may materially advance the ultimate termination of the litigation.

<u>Id.</u>

Allowing the appeal in this case would result in wasted, piece-meal litigation and expense and would prolong, rather than advance, the ultimate termination of the bankruptcy litigation. Further, the appeal clearly does not involve a controlling question of law on which there is a substantial ground for difference of opinion. Accordingly, appellant will not be permitted leave to pursue an interlocutory appeal.

7. Based on the foregoing, the Court concludes that it lacks jurisdiction over this appeal and the case is therefore **DISMISSED**.

Appellant's **Motion to Extend Time for Appellant's Brief (Doc. 4)** and **Emergency Motion for Application of Stay (Doc. 5)** are **DENIED** as moot.

IT IS SO ORDERED.

                                        <u>/S/JIMM LARRY HENDREN</u>
                                        JIMM LARRY HENDREN
                                        UNITED STATES DISTRICT JUDGE